**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EILEEN FLEISCHMAN; ) | |
| KATHLEEN ANNE RIDER; and ) | |
| JUSTIN DYLAN RIDER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-06-320-M |
| ) | |
| CHARLES P. HORTON; ) | |
| DAVITT LIMITED PARTNERSHIP; and ) | |
| DAVITT MANAGEMENT TRUST, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALTUS STOCKMANS BANK, and ) | |
| RED RIVER FEDERAL CREDIT ) | |
| UNION, ) | |
| ) | |
| Third Party Defendants. ) | |

## ORDER

Before the Court is third party defendant Red River Federal Credit Union's ("Red River") Motion for Summary Judgment, filed February 23, 2007. On April 27, 2007, defendant /third party plaintiff Davitt Limited Partnership ("DLP") filed its response. On May 8, 2007, Red River filed its reply, and on May 21, 2007, the DLP filed its surreply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

As part of Norma J. Davitt's ("Davitt") estate plan, the DLP was created, and Davitt transferred almost all of her asserts into the DLP. In September, 2002, Davitt went to Red River to

change her personal account to a partnership account for the DLP.[1] During this transaction, Davitt signed an Account Signature Card for the partnership account.[2]

Davitt had a stroke on December 12, 2004 and was moved to Washington. In January, 2005, defendant Charles P. Horton ("Horton") went to Red River, produced his power of attorney for Davitt, and stated that he wanted to be added to the DLP account to conduct transactions on behalf of the DLP. Horton signed a new account card on behalf of himself and, pursuant to the power of attorney, on behalf of Davitt. The new account card indicates that the DLP was the member/owner and that Davitt and Horton were joint owners.

On or about February 1, 2005, Davitt provided Red River with a new power of attorney in favor of plaintiff Eileen Fleischman ("Fleischman"), her daughter. After receiving the new power of attorney, a Red River employee put a note in the computerized record of the DLP account that Horton's power of attorney was revoked and that Fleischman had power of attorney.

On or about May 2, 2005, Davitt contacted Red River to close out the DLP account and directed Red River to transfer all proceeds to her personal account in Washington. As a result, Red River transferred $84,670.85 to Davitt's account in Washington.

The DLP has asserted a counterclaim against Red River for transferring the above-referenced funds without proper authorization and in breach of the depository agreements between the DLP and Red River. Red River now moves for summary judgment as to this counterclaim.

---

[1] The account was set up in the DLP's name with Davitt's name on it as the member because an entity such as a partnership cannot have an account with Red River without also having a member on the account.

[2] The Account Signature Card reflects Davitt is an authorized signatory for the DLP but does not list her as an owner.

II.  Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.  Discussion

In its motion, Red River asserts that its actions were in conformity with the law because the account in question was a joint account.  Having carefully reviewed the parties' submissions, and viewing the facts and inferences in the light most favorable to the DLP, as the Court must at the summary judgment stage, the Court finds that whether the account in question was a joint account is disputed.  The DLP has submitted evidence that this account was a partnership account and that neither Davitt nor Horton intended the account to be a joint account.

Additionally, in its reply, Red River asserts that it is entitled to summary judgment because it is undisputed that Davitt was an authorized signatory on the account. Even though Davitt was an authorized signatory on the account, if the account was in fact a partnership account rather than a joint account, Davitt likely would not have had the authority to transfer the funds to her own personal account and Red River would have had a duty to inquire of the DLP as to the scope of Davitt's authority. *See Master Commodities, Inc. v. Tex. Cattle Mgmt. Co.*, 586 F.2d 1352, 1361 (10th Cir. 1978). Accordingly, because it is disputed whether the account in question was a joint account or a partnership account, the Court finds that summary judgment is not warranted based upon Davitt being an authorized signatory on the account.

IV. Conclusion

For the reasons set forth above, the Court DENIES Red River's Motion for Summary Judgment [docket no. 40].

**IT IS SO ORDERED this 11th day of September, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE